Filed 9/16/25  In re J.H. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re J.H., a Person Coming Under the Juvenile Court Law. | D084449 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J244278) |
| v. | |
| J.H., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Maxine M. Hart and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

J.H. (Appellant) admitted to two counts of oral copulation of a child under 14 years old and stipulated to confinement in a secure youth treatment

facility in exchange for the dismissal of additional counts. The juvenile court declared him a ward of the court and imposed a four-year baseline term of confinement in a secure youth treatment facility under Welfare and Institutions Code section 875, subdivision (b)(1).[1] Appellant asserts the juvenile court acted in excess of its jurisdiction under section 607, subdivision (c) by setting a baseline term that put his anticipated release date beyond his 25th birthday. We disagree and affirm the order.

## I. FACTUAL AND PROCEDURAL HISTORY

Because the sole issue on appeal is limited to the impact of the jurisdictional limitations of section 607, subdivision (c) on the juvenile court's ability to set a baseline term of confinement, and because they involve minors, we provide only a brief overview of the underlying crimes.

Appellant sexually molested two victims in two separate incidents that occurred in October and December 2018. At the time of the offenses, Appellant was 16 years old. The victim in the first incident did not know Appellant, and he was not identified at the time of the crime. The second victim identified Appellant when she first reported the crime, but child protective services closed the investigation without any police involvement. Several years later, the police were able to connect DNA evidence found on the first victim's body to Appellant, leading to his arrest in 2022. Appellant admitted the first incident but denied the second. The police interviewed the second victim, and she provided a statement consistent with her original disclosure.

In June 2022, the People alleged that Appellant came within the provisions of section 602. In an amended petition, the People asserted the

---

[1]     All further unspecified statutory references are to the Welfare and Institutions Code.

following seven counts: burglary (count 1, Penal Code § 220, subd. (b)), entering a home with intent to commit a felony (count 2; Penal Code § 459), committing a lewd and lascivious act upon as child under the age of 14 (count 3; Penal Code § 288, subd. (b)(1)), and oral copulation by force, violence, duress, menace, and fear (count 4; Penal Code § 287, subd. (c)(2)(a)), related to the first incident in October 2018; and burglary (count 5, Penal Code § 220, subd. (b)), oral copulation on a person who was unconscious (count 6; Penal Code § 287, subd. (f)), and committing a lewd and lascivious act upon as child under the age of 14 (count 7; Penal Code § 288, subd. (a)), related to the second incident in December 2018.

The People moved to transfer the case to the criminal division. After a multi-day hearing, the juvenile court denied the motion, finding that the People had not met their burden to prove Appellant was not amenable to rehabilitation by clear and convincing evidence.

On May 6, 2024, Appellant admitted counts 3 and 7, based on an agreement to dismiss the remaining charges. Counsel stipulated to a secure track confinement and the juvenile court advised Appellant that the maximum total term of confinement would be 8 years.

Appellant appeared before the juvenile court for disposition on June 14, 2024. At the outset of the hearing, the juvenile court informed the parties that it was inclined to impose a baseline term of four years. Defense counsel argued that the juvenile court should impose a baseline term of only two years, and asserted, among other arguments, that Appellant was almost 23, and that the juvenile court's jurisdiction ended once he turned 25.[2] Thus, "the four years in that sense would not even actually be completed because [he] will have turned 25 before those four years could be imposed, either

---

[2] Appellant will turn 25 in September 2027.

3

based on custody time or even if released on a probationary period." The People argued for the four-year baseline term, and asserted, based on the severity of the charges, that the juvenile court "should use its power to maintain jurisdiction to the last day that we can."

The juvenile court adjudicated Appellant a ward of the court and ordered that he be admitted to a secure track treatment facility. The court noted that the baseline term of confinement was either two or four years, and found, "based on the severity of the offense, the harm to the victim, and the fact that there were two separate incidents" that the four-year term was appropriate. The court then informed Appellant that he would have a review every six months and that he could be awarded additional credits of up to 120 days at each review. In its written order, the court confirmed the four-year baseline term of confinement, and the eight-year maximum term of confinement.

## II.    DISCUSSION

Appellant's sole contention on appeal is that the juvenile court acted in excess of its jurisdiction under section 607, subdivision (c) by setting his baseline term of confinement to four years, because he will turn 25 before the expiration of that four-year term. The People assert, to the contrary, that the relevant statutes allow the juvenile court to set a baseline term of confinement that exceeds the jurisdictional limits set forth in section 607, subdivision (c). "Because resolution of this issue is a question of statutory interpretation, we exercise independent review." (*In re L.H.* (2025) 110 Cal.App.5th 591, 599.)

Section 607, subdivision (a) states that the juvenile court "may retain jurisdiction over a person who is found to be a ward or dependent child of the juvenile court until the ward or dependent child attains 21 years of age,

4

except as provided in subdivisions (b), (c), (d), (e), and (f)." As relevant here, section 607, subdivision (c) states that the juvenile court "may retain jurisdiction over a person who is found to be a person described in Section 602 by reason of the commission of an offense listed in subdivision (b) of Section 707 *until that person attains 25 years of age, or two years from the date of commitment to a secure youth treatment facility pursuant to Section 875, whichever occurs later*, if the person, at the time of adjudication of a crime or crimes, would, in criminal court, have faced an aggregate sentence of seven years or more." (Italics added.)

There is no dispute that Appellant would have faced an aggregate sentence of seven years or more had he not been before the juvenile court. Further, his date of commitment was in 2024. Accordingly, under section 607, subdivision (c), the juvenile court will no longer have jurisdiction over Appellant as of his 25th birthday in September 2027, which is the later of two years past the date of commitment (i.e., 2026) and his 25th birthday in 2027.[3] Nonetheless, Appellant contends that the court should not have imposed a four-year baseline that extended beyond his 25th birthday.

Section 875 governs the commitment of juvenile offenders to a secure youth treatment facility. "Under section 875, the juvenile court must set a

_____

[3] The juvenile court may retain control in limited circumstances. Section 607, subdivision (i)(2) provides: "A person [falling under subdivision (c)] shall be discharged upon the expiration of a two-year period of control, or when the person attains 25 years of age, whichever occurs later, unless an order for further detention has been made by the committing court pursuant to Article 6 (commencing with Section 1800) of Chapter 1 of Division 2.5." To obtain such an extension, the People must prove that the person "would be physically dangerous to the public because of the person's mental or physical deficiency, disorder, or abnormality that causes the person to have serious difficulty controlling his or her dangerous behavior." (§ 1800; see §§ 1800.5, 1802 [allowing for continued "control of the authority over the person"].)

5

'baseline term of confinement,' which 'represent[s] the time in custody necessary to meet the developmental and treatment needs of the ward and to prepare the ward for discharge.' (§ 875, subd. (b)(1).) Upon expiration of the baseline term, the court must discharge the ward to probation supervision absent certain findings. (*Id.*, subd. (e)(3).)" (*In re L.H., supra,* 110 Cal.App.5th at p. 597.) The baseline term of confinement is "based on the most serious recent offense for which the ward has been adjudicated," and is "subject to modification in progress review hearings." (§ 875, subd. (b)(1).)

The juvenile court must also set a maximum term of confinement. Section 875, subdivision (c)(1) provides: "In making its order of commitment, the court shall additionally set a maximum term of confinement for the ward based upon the facts and circumstances of the matter or matters that brought or continued the ward under the jurisdiction of the court and as deemed appropriate to achieve rehabilitation. The maximum term of confinement shall represent the longest term of confinement in a facility that the ward may serve," subject to certain enumerated limitations.

Recently, the court in *In re L.H.* considered whether the *maximum* term of confinement could extend beyond the defendant's 25th birthday. (*In re L.H., supra,* 110 Cal.App.5th at p. 599.) The court noted that, in the context of statutes governing commitments to the former Division of Juvenile Justice, courts have interpreted the age limits set forth in section 607 "as providing a cap on a ward's actual confinement time *separate* from the maximum term of confinement set by the juvenile court." (*Id.* at p. 603, italics added.) The court concluded that an analogous provision in section 875, subdivision (c)(1)(A)—that "the ward shall not be held in secure confinement beyond 25 years of age, or two years from the date of commitment, whichever occurs later"—should be interpreted similarly,

6

noting that "[b]oth statutory schemes also recognize that age limits may set an even lower ceiling on the length of a ward's physical confinement." (*In re L.H.,* at p. 603.)

We see no reason to diverge from the court's well-reasoned opinion in *In re L.H.* and further conclude that the same principles apply to the baseline term of confinement as set forth in section 875, subdivision (b)(1). (See *In re L.H., supra,* 110 Cal.App.5th at p. 601; *Absher v. AutoZone, Inc.* (2008) 164 Cal.App.4th 332, 342 [statutory "provisions relating to the same subject matter . . . should be harmonized to the extent possible"].) The basic concept that the jurisdictional limits in section 607 provide a *separate* ceiling on the length of a ward's physical confinement should apply regardless of whether we are considering the baseline term or the maximum term. The juvenile court must follow the guidelines set forth in section 875 in setting both the baseline and maximum terms of confinement, and the ward may be released based on the jurisdictional limits set forth in section 607 even before the expiration of either term.

Further supporting this interpretation, the court in *In re L.H.* explained, "[i]f the maximum term of confinement is limited by the jurisdictional age limits, those wards whose physical confinement will be cut short by the age limits will receive even shorter sentences upon the application of precommitment credits, while other wards who committed the same offense under similar circumstances will have their precommitment credits applied to the full confinement term simply because they were younger at the time of sentencing. Thus, L.H.'s proposed interpretation would produce unfair results considering the purpose of awarding presentence custody credits is to equalize the treatment of different

7

individuals convicted of the same offense." (*In re L.H., supra,* 110 Cal.App.5th at p. 605.)

The same is true for Appellant's baseline sentence. As noted, section 875, subdivision (b)(1) permits the juvenile court to modify the baseline term in progress review hearings as described in subdivision (e). It would be unfair for some wards to benefit from such modifications to an already diminished baseline term based simply on their age at the time of disposition. Moreover, in at least some cases, like the one at hand, it is possible that the baseline term will be diminished through such modifications to allow for the ward's release before the age of 25.

As the People assert, limiting the baseline term at the time of disposition would impede the juvenile court's ability to ensure the developmental and treatment needs of the ward are met, as required by section 875, subdivision (b)(1). Appellant does not contest that the imposed four-year baseline term was necessary to meet his developmental and treatment needs. Accordingly, we conclude that the trial court did not err, or exceed its jurisdictional limitations, in setting that term.

## III.   DISPOSITION

The judgment is affirmed.

KELETY, J.

WE CONCUR:

McCONNELL, P. J.

DO, J.

8